Floyd W. Bybee, #012651
**LAW OFFICE OF**
**FLOYD W. BYBEE, PLLC**
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-5530
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Sheryl A. Quenzer,** an individual; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **Unifund CCR Partners, G.P.,** a New York partnership; **Trans Union LLC,** a Delaware corporation | |
| | (Jury Trial Demanded) |
| Defendants. | |

Plaintiff, Sheryl Quenzer, by and through counsel undersigned and in good faith, alleges as follows:

## I.  PRELIMINARY STATEMENT

1.    Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"), and/or the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et*

*seq.*  Plaintiff seeks an award of statutory damages, actual damages, punitive damages, costs and attorney's fees.

## II.  STATUTORY STRUCTURE OF FDCPA.

2.   Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3.   The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists.  Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4.   The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.  FDCPA § 1692a(3).

5.   The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes.  FDCPA § 1692a(5).

6.   The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7.   Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III.  STATUTORY STRUCTURE OF FCRA.

8.  When Congress enacted the FCRA in 1970, it recognized that "Unfair credit methods undermine the public confidence which is essential to the continued functioning of the banking system."  FCRA § 1681(a)(1).

9.  Congress crafted the FCRA to protect consumers from the transmission of inaccurate information about them.  <u>Kates v. Croker National Bank</u>, 776 F.2d 1396, 1397 (9th Cir. 1985).

10.  In 1996 Congress amended the FCRA imposing upon furnishers of information, such as the defendant herein, detailed and specific responsibilities, including those in FCRA § 1681s-2(b).  The furnisher has its own obligation to conduct a reasonable investigation of Plaintiff's disputes.  <u>Johnson v. MBNA</u>, 357 F.3d. 426 (4th Cir. 2004);  <u>Cushman v. Trans Union Corporation</u>, 115 F.3d 220, 227 (3d Cir. 1997).

11.  Any furnisher which fails to conduct a reasonable investigation under FCRA § 1681s-2(b), is liable to the consumer for any actual damages sustained, and if the failure is willful, then actual damages sustained or statutory damages of not less than $100 and not more than $1,000, and punitive damages, together with attorney's fees and costs of the action.  FCRA §§ 1681n and *o*.

### IV.  JURISDICTION

12.  Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### V.  PARTIES

13.  Plaintiff is a citizen of Maricopa County, Arizona.

14.   Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as defined by FDCPA § 1692a(3) and FCRA § 1681a(c).

15.   Defendant Unifund CCR Partners ("Unifund") is a New York partnership.

16.   Unifund is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0907503.

17.   Unifund regularly collects or attempts to collect debts owed or asserted to be owed or due another.

18.   Unifund regularly collects or attempts to collect debts which it has purchased after default.

19.   Unifund is a "debt collector" as defined by FDCPA § 1692a(6).

20.   Unifund is a "person" as defined by FCRA § 1681a(b).

21.   Unifund is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

22.   Defendant Trans Union LLC ("Trans Union") is a Delaware corporation conducting business within the state of Arizona.

23.   Trans Union is both a "person" and a "consumer reporting agency" as those terms are defined and contemplated under the FCRA.

## VI.  FACTUAL ALLEGATIONS

24.   In 2006, Plaintiff was sued by Unifund for a debt it had alleged purchased from First USA Bank.

25.   The First USA Bank Debt was incurred for personal, family or household purposes.

26.   On October 23, 2006, the Florida court entered its order dismissing Unifund's

1    action against Plaintiff with prejudice.

2    27.  In May 2007, Plaintiff sent a letter to Trans Union disputing Unifund's reporting

3    of its tradeline to Plaintiff's credit file.

4    28.  Plaintiff included in her dispute to Trans Union a copy of the Order dismissing

5    Unifund's case with prejudice.

6    29.  Upon information and belief, Trans Union contacted Unifund concerning

7    Plaintiff's dispute of its tradeline.

8    30.  Upon information and belief, Trans Union did not send a copy of the Order

9    dismissing the case with prejudice with its notice of dispute to Unifund.

10   31.  Upon information and belief, Unifund verified to Trans Union that its tradeline

11   was reported correctly.

12   32.  Plaintiff subsequently received a credit report from Trans Union dated June 26,

13   2007 showing that Unifund had verified its tradeline to Trans Union as reported

14   correctly.

15   33.  The June 26, 2007 Trans Union report showed that Unifund was reporting the

16   account with a current balance owing of $5,877.

17   34.  The June 26, 2007 Trans Union report also reflected that Unifund had not

18   reported to Trans Union that Plaintiff disputed this account.

19   35.  Plaintiff also received a credit report from Trans Union dated September 26,

20   2007.

21   36.  The September 26, 2007 credit report showed Unifund continuing to report its

22   tradeline each month with a current balance owing of $6,025.

23   37.  Plaintiff again disputed the Unifund account with Trans Union in January 2008.

24   38.  Plaintiff included in her dispute to Trans Union a copy of the Order dismissing

25   Unifund's case with prejudice.

- 5 -

39. Trans Union sent Plaintiff a letter dated January 22, 2008 stating "We are unable to accept the documentation you sent."

40. Upon information and belief, Trans Union contacted Unifund concerning Plaintiff's dispute of its tradeline.

41. Upon information and belief, Trans Union did not send a copy of the Order dismissing the case with prejudice with its notice of dispute to Unifund.

42. Upon information and belief, Unifund verified to Trans Union that its tradeline was reported correctly.

43. Plaintiff subsequently received a notice dated February 18, 2008 from Trans Union showing the results of its investigation.

44. The February 18, 2008 notice stated that the Unifund account had "New Information."

45. The February 18, 2008 notice showed the Unifund account reporting with a balance owed of $6,494 as of February 2008.

46. Plaintiff also disputed the Unifund account with Experian in or about August or September 2007.

47. Upon information and belief, Experian contacted Unifund concerning Plaintiff's dispute of its tradeline.

48. Upon information and belief, Unifund verified to Experian that its tradeline was reported correctly.

49. Plaintiff again disputed the Unifund account with Experian in or about January 2008.

50. Upon information and belief, Experian contacted Unifund concerning Plaintiff's dispute of the its tradeline.

51. Upon information and belief, Unifund verified to Experian that its tradeline was

1    reported correctly.

2    52.    On January 28, 2008, Plaintiff received a credit report from Experian showing

3           that Unifund had verified its tradeline to Experian as reported correctly.

4    53.    The January 28, 2008 Experian report showed that Unifund was reporting the

5           account with a current balance owing of $6,412.

6    54.    The January 28, 2008 Experian report also reflected that Unifund had not reported

7           to Experian that Plaintiff disputed this account.

8    55.    Unifund's actions as outlined above were taken as part of its persistent and

9           routine practice of debt collection.

10   56.    Defendants have continued to report inaccurate, derogatory and improper

11          information and failed to retract, delete and/or suppress inaccurate, derogatory

12          and improper information about the Plaintiff, as described more fully herein.

13   57.    As a result and proximate cause of Defendants' actions, Plaintiff has suffered

14          actual damages, and continues to suffer damages.

15                              **VII.  CAUSES OF ACTION**

16                          **a.  Fair Debt Collection Practices Act**

17   58.    Plaintiff repeats, re-alleges, and incorporates by reference the foregoing

18          paragraphs.

19   59.    Defendant Unifund's violations of the FDCPA include, but are not necessarily

20          limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), and 1692f(1).

21   60.    As a direct result and proximate cause of Defendant Unifund's violations of the

22          FDCPA, Plaintiff has suffered actual damages for which it is liable.

23                            **b.  Fair Credit Reporting Act**

24   61.    Plaintiff repeats, re-alleges, and incorporates by reference the foregoing

25          paragraphs.

62. Defendant Unifund failed to conduct a reasonable investigation of Plaintiff's disputes it received from the consumer reporting agencies, and otherwise failed to comply with FCRA § 1681s-2(b).

63. Defendant Unifund has willfully, or alternatively, negligently violated FCRA § 1681s-(b) on multiple occasions.

64. As a result of Defendant Unifund's actions, Plaintiff has been damaged.

65. Defendant Trans Union failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681i.

66. Defendant Trans Union has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice from Plaintiff that such information was inaccurate.

67. Defendant Trans Union has willfully, or alternatively, negligently, violated FCRA §1681i.

68. As a direct result and proximate cause of Defendant Trans Union's continued reporting of erroneous and adverse information on Plaintiff's credit reports, Plaintiff has suffered and continues to suffer damages.

69. Pursuant to FCRA § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

70. As a result of Defendants' negligent failure to comply with the FCRA, Defendants are liable to Plaintiff in an amount equal to the sum of (1) any actual

1   damages sustained by Plaintiff as a result of said failure and (2) the costs of this

2   action together with reasonable attorneys' fees.

3   71.   Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any

4   requirement imposed under the FCRA with respect to any consumer is liable to

5   that consumer in an amount equal to the sum of (1) any actual damages sustained

6   by the consumer as a result of the failure or damages or not less than $100.00 and

7   not more than $1,000.00; (2) such amount of punitive damages as the court may

8   allow; and (3) in the case of any successful action to enforce any liability under 15

9   U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

10  72.   As a result of Defendants' willful failure to comply with the FCRA, Defendants

11  are liable to Plaintiff in an amount equal to the sum of (1) any actual damages

12  sustained by Plaintiff as a result of the failure or damages of not less than $100.00

13  and not more than $1,000.00 for each such violation; (2) such amount of punitive

14  damages as the court may allow; and (3) the costs of this action together with

15  reasonable attorneys' fees.

16  **VIII.  DEMAND FOR JURY TRIAL**

17  Plaintiff hereby demands a jury trial on all issues so triable.

18  **IX.  PRAYER FOR RELIEF**

19  WHEREFORE, Plaintiff requests that judgment be entered against Defendants

20  for:

21  a)   Statutory damages of $1,000 pursuant to FDCPA § 1692k;

22  b)   Actual damages for the FDCPA violations in an amount to be determined

23  at trial;

24  c)   Actual damages under the FCRA, or in the alternative, statutory damages

25  of not less than $100 and not more than $1,000 per violation pursuant to

- 9 -

1          FCRA § 1681n;

2      d)    Punitive damages pursuant to FCRA § 1681n;

3      e)    Costs and reasonable attorney's fees pursuant to §1692k and §§ 1681n

4          and/or *o*; and

5      f)    Such other relief as may be just and proper.

7      DATED   August 7, 2008   .

9                        s/ Floyd W. Bybee
                        Floyd W. Bybee, #012651

10                        **LAW OFFICE OF**
                      **FLOYD W. BYBEE, PLLC**

11                        4445 E. Holmes Ave., Suite 107
                      Mesa, AZ 85206-5530

12                        Office:  (480) 756-8822
                      Fax: (480) 302-4186

13                        floyd@bybeelaw.com

14                        Attorney for Plaintiff

15

16

17

18

19

20

21

22

23

24

25